# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 21-50618
Summary Calendar

Candella M. Ledet,

*Plaintiff—Appellant*,

*versus*

Perry Homes,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-712

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Candella Ledet, acting pro se, sued her former employer, Perry Homes, under 42 U.S.C. § 1981, alleging that her firing was based upon discrimination. Perry Homes served her requests for admissions to which

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50562

she failed to respond.[1] The district court entered an order requiring her to respond by a certain date and warning of the repercussions if she failed to do so, yet she failed to respond. Perry Homes ultimately filed a motion for summary judgment on the deemed admissions, which the district court granted. Ledet appealed.

While pro se litigants are given liberal construction in their briefing, they are still required to follow the rules of procedure and to brief relevant points. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Ledet wholly fails to show any error in the district court's ruling (which adopted the magistrate judge's recommendation opinion) on this point.

Accordingly, the judgment of the district court is AFFIRMED. Ledet's motion to appoint counsel is DENIED. Her motion to allow attachment is also DENIED.

---

[1] Ledet sent an email referencing the interrogatories sent but not specifically referencing the requests for admissions. In the email she stated that the "Interrogatories and Discovery" "mostly consist of information that will be in violation of my 5 amendment rights." Such an email is not a proper response and, in any event, requests for admissions responses cannot be used against defendants in criminal proceedings, so the Fifth Amendment is not a defense to the requests. FED. R. CIV. PRO. 36(b) ("An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."). Additionally, this email predated the district court's order to respond.